IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MITSUI SUMITOMO INSURANCE
USA, INC.,                                   :

        Plaintiff,

     v.                                        :

MAXUM TRANS, INC., *et al.*,

        Defendants.                          :

Case No. 3:16-cv-191

JUDGE WALTER H. RICE

---

DECISION AND ENTRY DISMISSING ALL CLAIMS AGAINST
DEFENDANT MAXUM TRANS, INC., WITHOUT PREJUDICE FOR
LACK OF SERVICE OF PROCESS; SUSTAINING IN PART MOTION
FOR JUDGMENT ON THE PLEADINGS OF DEFENDANT BUCKEYE
TRANSPORTATION, INC. (DOC. #7); DISMISSING CARMACK
AMENDMENT CLAIM (COUNT I) ON THE MERITS; DECLINING TO
EXERCISE SUPPLEMENTAL JURISDICTION OVER STATE LAW
CLAIMS; JUDGMENT TO ENTER IN FAVOR OF DEFENDANTS AND
AGAINST PLAINTIFF; TERMINATION ENTRY

---

On May 18, 2016, Plaintiff, Mitsui Sumitomo Insurance USA, Inc., filed suit

against Maxum Trans, Inc., and Buckeye Transportation, Inc., alleging violations of

the Carmack Amendment, 49 U.S.C. § 14706, and asserting state law claims of

bailment and breach of contract. Doc. #1. Defendant Maxum Trans, Inc. has

never been properly served. This matter is currently before the Court on Buckeye

Transportation, Inc.'s, Motion for Judgment on the Pleadings, Doc. #7.

## I.     Background

According to the Complaint, in September of 2014, Plaintiff's Insured, Advanced Composites, Inc., entrusted a load of plastic pellets to Defendant Maxum Trans, Inc., a commercial motor carrier, to be transported from Ohio to Clayton, Alabama. Defendant Buckeye Transportation, Inc., allegedly acted as the broker for this transaction, and arranged for Maxum to transport the pellets. At some point during the trip, the truck allegedly swerved into the median and back onto the road, causing the different kinds of pellets to mix together, and rendering them unusable. Plaintiff paid the claim in the amount of $23,625.63, and now seeks to recover that amount, plus the $1,000.00 deductible, for a total of $24,625.63, from Maxum Trans, Inc., and Buckeye Transportation, Inc.


## II.    Defendant Maxum Trans, Inc.

On August 11, 2016, the Court issued an Order notifying Plaintiff that, unless Plaintiff filed a waiver of service, or proof of service, by August 16, 2016, the claims against Maxum Trans, Inc., would be dismissed, pursuant to Fed. R. Civ. P. 4(m), for lack of service of process. Doc. #3. By notation order, that date was later extended an additional 45 days.

According to the docket, Defendant Maxum Trans, Inc., has still not been properly served. Accordingly, the Court DISMISSES WITHOUT PREJUDICE all claims against Maxum Trans, Inc., for lack of service of process.

III.    **Defendant Buckeye Transportation, Inc.'s, Motion for Judgment on the Pleadings (Doc. #7)**

Defendant Buckeye Transportation, Inc., has filed a Motion for Judgment on the Pleadings, Doc. #7.  Buckeye Transportation argues that dismissal is required because this Court lacks subject matter jurisdiction over Plaintiff's claims against it.  In the alternative, Buckeye Transportation argues that Plaintiff has failed to state a claim on which relief may be granted.

A.    **Fed. R. Civ. P. 12(c)**

Motions for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) are analyzed under the same standard as motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *See Warrior Sports, Inc. v. National Collegiate Athletic Ass'n*, 623 F.3d 281, 284 (6th Cir. 2010).  "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment."  *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 582 (6th Cir. 2007) (internal citation and quotation marks omitted). However, the court need not accept as true legal conclusions or unwarranted factual inferences. *Id.* (citing *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999)).

To withstand a Rule 12(c) motion for judgment on the pleadings, "a complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory."  *Commercial Money Ctr., Inc. v. Illinois*

3

*Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007). "The factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, *i.e.*, more than merely possible." *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). A "legal conclusion couched as a factual allegation" need not be accepted as true, nor are recitations of the elements of a cause of action sufficient. *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

### B.    Analysis

#### 1. Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction. They have original jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. They also have original jurisdiction over "civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between – (1) citizens of different States." 28 U.S.C. § 1332. A federal district court may also exercise supplemental jurisdiction over claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a).

In this case, there is no diversity of citizenship, and the amount in controversy does not exceed $75,000. The Court's jurisdiction is based on an alleged violation of a federal statute, the Carmack Amendment, 49 U.S.C.

4

§ 14706. Given that the state law claims of bailment and breach of contract form part of the same case or controversy as the Carmack Amendment claim, the Court could exercise supplemental jurisdiction over those claims.

Plaintiff has asserted a Carmack Amendment claim against both Maxum Trans, Inc., and Buckeye Transportation. Buckeye Transportation argues that because it acted as a broker, and the Carmack Amendment does not apply to brokers, the Court lacks subject matter jurisdiction over this federal claim. This is incorrect. Regardless of the viability of Plaintiff's Carmack Amendment claim against *Buckeye Transportation*, Plaintiff has alleged the violation of a federal statute. That alone is sufficient to give this Court subject matter jurisdiction in this case. Accordingly, the Court rejects Buckeye Transportation's argument that the claims must be dismissed for lack of subject matter jurisdiction.

### 2. Failure to State a Claim

In the alternative, Buckeye Transportation argues that Plaintiff has failed to state a claim upon which relief can be granted.

### a. Carmack Amendment (Count I)

Plaintiff alleges that Buckeye Transportation acted as the broker in this transaction. The liability provision of the Carmack Amendment, 49 U.S.C. § 14706, makes "motor carriers and freight forwarders" liable for damage to property that they transport. That provision, however, does not apply to brokers. *Total Quality Logistics, LLC v. O'Malley*, No. 1:16-cv-636, 2016 U.S. Dist. LEXIS 99067, at *5 (S.D. Ohio July 28, 2016). *See also Mid-West Materials, Inc. v.*

5

*Packard Logistics, Inc.*, No. 1:05-cv-2045, 2007 U.S. Dist. LEXIS 20356, at **6-7 (N.D. Ohio Mar. 22, 2007) (noting that remedies against brokers "are not governed by the *Carmack Amendment* but by applicable state law.").
Accordingly, Buckeye Transportation argues that Plaintiff's Carmack Amendment claim must be dismissed.

Plaintiff does not deny that the Carmack Amendment is inapplicable to brokers. It argues only that it should be given the opportunity to conduct discovery to determine whether Buckeye Transportation may have acted in some capacity other than a broker in this transaction. Plaintiff, however, is not entitled to discovery unless it first alleges a plausible claim. *Iqbal*, 556 U.S. at 678-79. Because Plaintiff alleges that Buckeye Transportation is a broker, and the Carmack Amendment does not apply to brokers, Plaintiff has failed to state a claim upon which relief can be granted. Given that Plaintiff admittedly has no evidence that Buckeye Transportation acted as a "motor carrier" or "freight forwarder" in this transaction, granting Plaintiff leave to amend the Complaint would be futile. The Court therefore DISMISSES WITH PREJUDICE the Carmack Amendment claim against Buckeye Transportation.

### b. State Law Claims

Given that the Court has dismissed the only federal claim asserted, the Court declines to exercise supplemental jurisdiction over the state law claims asserted against Buckeye Transportation. *See* 28 U.S.C. § 1367(c)(3) (noting that the court may decline to exercise supplemental jurisdiction if it has dismissed all claims

over which it has original jurisdiction); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well."). Accordingly, the Court DISMISSES WITHOUT PREJUDICE Plaintiff's claims of bailment and breach of contract asserted against Buckeye Transportation, Inc.

## IV.    Conclusion

All claims against Defendant Maxum Trans, Inc. are DISMISSED WITHOUT PREJUDICE for lack of service of process.

The Court SUSTAINS IN PART Defendant Buckeye Transportation, Inc.'s Motion for Judgment on the Pleadings, Doc. #7, and DISMISSES WITH PREJUDICE Plaintiff's Carmack Amendment claim. The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims, and DISMISSES them WITHOUT PREJUDICE.

Judgment shall be entered in favor of Defendants and against Plaintiff.

The captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: December 30, 2016

WALTER H. RICE
UNITED STATES DISTRICT JUDGE